
KTF:SMF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | (18 U.S.C. §§ 1791(a)(1), 1791(b)(3), 2 and 3551 et seq.) |
| OMAREI WADE, | Case No. 24-MJ-462 |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

BRENDAN SALERNO, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

On or about July 9, 2024, within the Eastern District of New York and elsewhere, the defendant OMAREI WADE, together with others, did knowingly and intentionally, in violation of a statute or rule or order issued under a statute, attempt to provide a prohibited object, to wit: marijuana, to an inmate at the Metropolitan Detention Center.

(Title 18, United States Code, Sections 1791(a)(1), 1791(b)(3), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2021. I have been involved in the investigation of numerous cases involving violent crimes, bank robberies and kidnappings. Before joining the FBI, I was a boarding officer with the United States Coast Guard for approximately 12 years. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. The Metropolitan Detention Center ("MDC") is a federal jail in Brooklyn, New York. The MDC is currently New York City's only federal detention facility. Although most individuals incarcerated at the MDC are detained prior to their trial on federal charges filed in the United States District Court for the Eastern District of New York or the United States District for the Southern District of New York, some individuals at the MDC have already been convicted or sentenced. Currently, approximately 1,500 individuals are incarcerated at the MDC.

3. Incarcerated individuals at the MDC are not permitted to possess contraband inside the MDC. According to the Bureau of Prisons' ("BOP") Standards of Employee Conduct (the "Standards of Employee Conduct"), contraband is defined as "material prohibited by law, or by regulation, or material which can reasonably be expected to cause physical injury or adversely affect the security, safety, or good order of the institution," which includes narcotics, cellular telephones, cigarettes and alcohol, among other prohibited items. I have learned that contraband often sells inside BOP facilities for many multiples greater than its cost outside of BOP facilities. The BOP Standards of Employee Conduct prohibit possession of marijuana within the MDC.

4. Contraband cell phones are extremely valuable items within a jail because they allow incarcerated individuals to make telephone calls and send text messages without being monitored by the BOP.

5. Based on my training and experience, and information obtained from other law enforcement officers, I am aware that contraband is sometimes smuggled into MDC by inmates who have obtained special privileges based on their good conduct, including by collecting trash from containers immediately outside the MDC.

6. As set forth below, there is probable cause to believe that the defendant OMAREI WADE attempted to smuggle contraband into the MDC. Specifically, on or about July 9, 2024, at approximately 12:10 p.m., MDC staff witnessed WADE deposit a brown paper bag into a trash can in the immediate vicinity of the MDC. Specifically, the trash can was located after the first entrance gate to the MDC but before visitors pass through security to enter the MDC.

7. Shortly thereafter, MDC staff collected the brown paper bag that the defendant OMAREI WADE had deposited into the trash can and inspected its contents. Inside, the MDC staff recovered two cellular phones and approximately 16 ounces of marijuana.

8. Following a review of the brown paper bag's contents, MDC staff, together with law enforcement officers, detained the defendant OMAREI WADE and interviewed him. After waiving his <u>Miranda</u> rights, WADE stated in sum and substance and in part that (1) he knew that the brown paper bag contained marijuana; (2) he was directed to deposit the brown paper bag into the trash can by an unknown individual; and (3) he knew that an inmate would collect the brown paper bag from the trash can and smuggle it into the MDC.

9. Based on my review of law enforcement reports and my discussions with other law enforcement officers, I have learned that the defendant OMAREI WADE's brother is an inmate at the MDC.

WHEREFORE, your deponent respectfully requests that the defendant OMAREI WADE be dealt with according to law.

*Brendan Salerno*
BRENDAN SALERNO
Special Agent, Federal Bureau of Investigation

Sworn to before me this
10th day of July, 2024

S/ Taryn Merkl
_____
THE HONORABLE TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK